IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELANIE LYNN VICHECK, OD0768, )
    Petitioner, )
     )
    v. ) 2:11-cv-693
     )
SUPERINTENDENT, et al., )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Melanie Lynn Vicheck be transferred to the United States Court of Appeals for the Third Circuit as a repeat petition.

II. Report:

Melanie Lynn Vicheck, an inmate at the State Correctional at Muncy has presented a petition for a writ of habeas corpus which she has been granted leave to prosecute in forma pauperis. Vicheck is serving four consecutive ten to twenty year sentences imposed following her conviction upon a plea of guilty to charges of third degree murder, aggravated assault, arson, causing or risking a catastrophe and recklessly endangering another person at No. 2268 of 1994 in the Court of Common Pleas of Washington County, Pennsylvania. This sentence was imposed on September 1, 1995.[1]

The instant petition was executed on May 10, 2011. However, this is not the petitioner's first attempt to seek habeas corpus relief in this Court. In Civil Action 01-315 it was determined that her petition here was time barred and the petition was dismissed on March 19, 2001 and an appeal was filed. On August 13, 2001, the Court of Appeal determined that the petition was

---

[1] See: Petition at ¶¶ 1-6.

1

untimely and a certificate of appealability was denied at Docket No. 01-1821. Now almost ten years later she again seeks habeas corpus relief.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant petition without leave of the Court of Appeals, it is recommended that the petition be transferred to the United States Court of Appeals for authorization, if any, to proceed with the petition here.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Respectfully submitted,

Filed: June 14th, 2011             s/ Robert C. Mitchell
                                   United States Magistrate Judge